# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | |
| WALTER LEE SLAGEL ) | CASE NO. 08-27683-HRT |
| NANCY SUZANNE MILLER ) | CHAPTER 7 |
| ) | |
| DEBTORS. ) | |
| ) | |
| YVONNE DUVAL, JODIE SAILORS, ) | |
| JOAN WEDBUSH AND RAYMOND L. ) | |
| WEDBUSH ) | |
| ) | |
| PLAINTIFFS ) | |
| ) | |
| V. ) | ADV. PROC. NO. |
| ) | 09 1051 HRT |
| WALTER LEE SLAGEL AND NANCY ) | |
| SUZANNE MILLER ) | |
| ) | |
| DEFENDANTS. | |

## ADVERSARIAL COMPLAINT FOR DECLARATION THAT ASSETS OF DEBTOR ARE NOT EXEMPT FROM STATE CASE MONEY JUDGMENT AGAINST DEBTORS

Plaintiff Creditors Yvonne Duval, Jodie Sailors, Joan Wedbush and Raymond L. Wedbush through counsel, Gerald L. Jorgensen of JORGENSEN, MOTYCKA & LEWIS, P.C., respectfully submit the following Adversarial Complaint:

1. This Complaint seeks a determination that several of the claims asserted by the Plaintiffs against the Defendants in Case No. 2008 CV 1161, presently pending in the District Court for Douglas County, State of Colorado are nondischargeable pursuant to 11 U.S.C. § 523(a), Bankruptcy Rule 4007, and Bankruptcy Rule 7001(6).

2. In the alternative, this Complaint seeks money judgment for the claims alleged in the Douglas County District Court and a determination that such money judgment is nondischargeable pursuant to 11 U.S.C. § 523(a), Bankruptcy Rule 4007, and Bankruptcy Rule 7001(6).

3. On May 24, 2008, service was obtained upon the above named Debtors, Defendants herein, in the Douglas County matter.

Fee not paid

4. On November 6, 2008, Defendants filed a petition for relief under Chapter 7 of title 11, United States Code.

5. The question of the Debtors' discharge has not, as of this date, been determined.

6. Said Debtors are indebted to Plaintiffs in an amount to be determined at trial and said debt is founded upon claims which are excepted from discharge in bankruptcy.

7. This Court has jurisdiction to determine whether such claims are nondischargeable pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a) because the Defendants named herein are Debtors in Case No. 08-27683-HRT, a chapter 7 case presently pending in this district.

9. This is a core proceeding under 28 U.S.C. § 157(b)(2)(1).

10. Plaintiffs are investors and or lenders who supplied large amounts of cash to Defendants.

11. In the Douglas County District Court Case No. 2008 CV 1161, Plaintiffs have alleged claims of Fraud in the Inducement to Contract, Violation of the Colorado Organized Crime Control Act, C.R.S. § 18-17-101 et seq., Conversion, Breach of Fiduciary Duty, Claim Against Trust Funds/Breach of Statutory Trust Fund Doctrine, Civil Conspiracy, and Alter Ego and Piercing the Veil. *See*, Complaint attached hereto as Exhibit A.

12. Plaintiffs incorporate all allegations and claims contained in the attached Exhibit A by reference.

13. If the following claims are proven in the Douglas County District Court case, this Court's determination of dischargeability would naturally follow based upon its use of issue preclusion aka collateral estoppel:

   a. **Fraud in the Inducement to Contract** If Plaintiffs prove their Fraud in the Inducement to Contract claim, they will have met the requirements of 11 U.S.C. § 523(a)(2)(A) because they allege more than simple misrepresentation by the Defendants of their financial condition and can, therefore, base nondischargeability upon the oral misrepresentations made by Defendants regarding predicted profitability, intended use of funds, and market conditions.

   b. **Colorado Organized Crime Act** If Plaintiffs prove their Colorado Organized Crime Control Act claims, then they will have met the requirements of 11 U.S.C. § 523(a)(6) because racketeering is, by its definition, both willful and malicious. *See* for example *In re Fryar*, 143 B.R. 396, Bkrtcy.W.D.La.,1992.

c. **Conversion** If Plaintiffs prove their Conversion claim, then they will have similarly met the requirements of 11 U.S.C. § 523(a)(6) because they allege that Defendants' conversion was attended by circumstances of fraud and was, therefore, both willful and malicious. See *In re Pasek*, 983 F.2d 1524, 1528 (10th Cir. 1993) citing 3 Lawrence P. King, *Collier on Bankruptcy* ¶ 523.16[1] (15th ed. 1992).

d. **Breach of Fiduciary Duty** If Plaintiffs prove their Breach of Fiduciary Duty claim in the Douglas County District Court, they will have satisfied the requirements of 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4) because Plaintiffs' allege fraudulent use and usurpation of their funds by the Defendants.

e. **Breach of Statutory Trust Fund** If Plaintiffs prove their Breach of Statutory Trust Fund claim, they will have satisfied the requirements of 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4) because a violation of C.R.S. 38-22-127 constitutes theft according to that statute.

f. **Civil Conspiracy** If Plaintiffs prove their Civil Conspiracy claim, it will necessarily be based upon the illegal conduct complained of above. As such, the pertinent exceptions from discharge mentioned will apply.

WHEREFORE, Plaintiffs request that this Court enter declaratory judgment in their favor and against Defendants Walter Lee Slagel and Nancy Suzanne Miller jointly and severally for all sums that may become due based upon the aforementioned claims presented in Douglas County District Court Case No. 2008 CV 1161 and for a determination that such debt is not dischargeable pursuant to 11 U.S.C. § 523(a), Bankruptcy Rule 4007, and Bankruptcy Rule 7001(6). In the alternative, Plaintiffs request money judgment in their favor and against the Defendants for the claims alleged in the Douglas County District Court and a determination that such money judgment is nondischargeable pursuant to 11 U.S.C. § 523(a), Bankruptcy Rule 4007, and Bankruptcy Rule 7001(6).

**Respectfully submitted on January 29, 2009.**

JORGENSEN, MOTYCKA & LEWIS, P.C.

/s/ Gerald L. Jorgensen
Gerald L. Jorgensen, #18855
Attorney for Plaintiffs

Plaintiffs may be contacted through their attorney at 709 3rd Avenue, Longmont, CO 80501.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the January 29, 2009 a true and correct copy of the foregoing was served by United States Mail, first class postage prepaid on the following:

Stephen E. Berken, Esq.
1159 Delaware Street
Denver, CO 80204
*Attorney for the Debtors*

Janice A. Steinle
US Bankruptcy Trustee
9249 South Broadway, Suite 200
PMB 505
Highlands Ranch, CO 80129

Douglas County Court
4000 Justice Way, Suite 2009
Castle Rock, CO 80109

Douglas County District Court
4000 Justice Way #2009
Castle Rock, CO 80109

CASTLE MEINHOLD & STAWIARSKI, LLC
999 18th Street, Suite 2201
Denver, CO 80202
Attn: Britney Beall-Eder, Esq.
*Attorneys for Movant The Bank of New York Mellon*

/s/ Basinger
Kelly H. Basinger, Paralegal