UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>WALTER LEE SLAGEL<br>NANCY SUZANNE MILLER<br><br>                       Debtors. | Bankruptcy Case No: 08-27683-HRT<br>Chapter 7 |
| YVONNE DUVAL, JODIE SAILORS, JOAN WEDBUSH AND RAYMOND L. WEDBUSH<br><br>                       Plaintiffs.<br><br>v.<br><br>WALTER LEE SLAGEL AND NANCY SUZANNE MILLER<br><br>                       Defendants. | Adversary Proceeding<br>No. 09-01051-HRT |

**DEFENDANTS WALTER LEE SLAGEL AND NANCY SUZANNE MILLER'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6) OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56**

      COME NOW, Defendants, Walter Lee Slagel and Nancy Suzanne Miller, by and through their attorneys, and move this Court for an Order dismissing Plaintiffs' Adversarial Complaint pursuant to F.R.C.P. 12(b)(6) or, in the alternative, for Summary Judgment Pursuant to Fed.R.Civ. P. 56 and represent the following:

**I. Statement of the Case**

1.     That the Debtors filed for Chapter 7 relief on November 6, 2008.

2.     That prior to the commencement of the Chapter 7 proceeding, on or about May 22, 2008, Plaintiffs, by and through their counsel, Gerald L. Jorgensen, Esq., filed a civil action against the Debtors in Douglas County District Court, Case No.: 08CV1161 for Fraud in

      the Inducement to Contract, violations of the Colorado Organized Crime Act, Conversion, Breach of Fiduciary Duty, Breach of Statutory Trust Fund, and Civil Conspiracy.  (Hereinafter referred to as "State Court claim").

3. On or about January 28, 2009, this Court granted Plaintiffs Relief from Stay to "proceed with liquidation of claims involving the debtor or the debtor's estate pursuant to certain proceedings presently pending in Douglas District Court, County of Douglas, State of Colorado, Case No. 2008CV1161." (A true and correct copy of the Order granting relief from stay is attached hereto as *Exhibit A* and is incorporated herein by reference.)

4. On or about February 2, 2009, Plaintiffs filed an "Adversarial Complaint for declaration that Assets of Debtor Are Not Exempt from State Case Money Judgment Against Debtors."  (A true and correct copy of the Plaintiffs' Adversarial Complaint is attached hereto as *Exhibit B* and is incorporated herein by reference.)

5. The debts alleged by Plaintiffs in their State Court claim all fall under either 523(a)(2), (a)(4), or (a)(6).  *See Exhibit B, Complaint  ¶13*.

## II. Statement of Undisputed Facts

6. In their "Adversarial Complaint", Plaintiffs state that "[i]f the [] claims are proven in the Douglas County District Court case, this Court's determination of dischargeability would naturally follow based upon its use of issue preclusion aka collateral estoppel." *Exhibit B ¶13*.

7. Plaintiffs' "Adversarial Complaint" seeks declaratory judgment for all sums that may become due against Debtors in the State Court claim on the alleged basis that a determination of fault by the Debtors in the Douglas County District Court would necessarily result in a determination of non-dischargeability in this case. *Exhibit B prayer*.

## III. Argument

**A. Applicable Standard**

8. A pleading may be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

9. Alternatively, a party may move for summary judgment pursuant to Federal Rules of Civil Procedure 56, where matters outside the pleadings are presented to and are not

excluded by the court. Fed.R.Civ.P. 12(b); *Lucero v. Gunter*, 52 F.3d 874, 877 (10th Cir.1995); *State of Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 585 F.2d 454, 456 (10th Cir. 1978).

10. A complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1965 (2007). The Supreme Court further stated that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964- 65.

11. The legal sufficiency of a complaint is a question of law. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)

**B. The Bankruptcy Court has exclusive jurisdiction to determine the dischargeability of Respondents' claims.**

12. Bankruptcy Courts have exclusive jurisdiction to determine dischargeability questions under §§ 523(a)(2), (3)(B), (4), and (6). *In re Padilla*, 84 B.R. 194, 196-197 (Bankr. D. Colo., 1987); *See, e.g., In re Coppi*, 75 B.R. 81 (Bankr. S.D. Iowa, 1987); 3 *Collier on Bankruptcy*, 523.12[a], at 523-87 (15 ed. 1986).

13. In their "Adversarial Complaint", Plaintiffs allege that the debts all fall under either 523(a)(2), (a)(4), or (a)(6). *See Exhibit B ¶13*.

14. Accordingly, this Court has exclusive jurisdiction to determine whether the debts alleged in the State Court claim are dischargeable.

15. In an attempt to make an end run around the limitation that this Court has exclusive jurisdiction to determine the dischargeability of the alleged debts, Plaintiffs seek a ruling that "[i]f the following claims are proven in the Douglas County District Court case, this Court's determination of dischargeability would naturally follow based upon its use of issue preclusion aka collateral estoppel." *Exhibit B ¶13*.

16. In light of the ruling in *In re Padilla* affirming the Bankruptcy Court's exclusive jurisdiction in determining dischargeability, Plaintiffs' argument that the state court's

decision would preclude this Court's determination as to dischargeability, lacks merit.

17. Given that the Bankruptcy Court has exclusive jurisdiction with regard to dischargeability, Plaintiffs can assert no facts which would support their claim that dischargeability would naturally follow in this Court based upon a determination of liability by the State Court. Accordingly, Plaintiffs' Complaint is subject to dismissal.

**WHEREFORE**, the Debtors pray that the Court enter an Order dismissing Plaintiffs' Adversarial Complaint, grant Debtors an award of reasonable fees and costs, and grant further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED this 19th day of March, 2009.

>/s/ Stephen E. Berken
>Stephen E. Berken, Reg. No. 14296
>Stephen S. Chang, Reg. No. 38419
>1159 Delaware Street
>Denver, CO 80204
>(303) 623-4357
>Fax No.: (720) 554-7853
>Email: berkenpub@aol.com

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on 19th day of March, 2009, I served copies of the foregoing **DEFENDANTS WALTER LEE SLAGEL AND NANCY SUZANNE MILLER'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6) OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56**, by having a copies thereof mailed via first-class mail, postage prepaid, in the United States Mail, to the following:

Gerald L. Jorgensen
719 3rd Ave.
Longmont, CO 80501

Nancy Suzanne Miller
Walter Lee Slagel
PO Box 8822
Steamboat Springs, CO 80488

By: /s/ Sharita Stevens

# Exhibit A

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WALTER LEE SLAGEL | ) | CASE NO. 08-27683-HRT |
| NANCY SUZANNE MILLER | ) | CHAPTER 7 |
| | ) | |
| DEBTORS. | ) | |

### ORDER GRANTING RELIEF FROM STAY

Movants, Yvonne Duval, Jodie Sailors, Joan Wedbush and Raymond L. Wedbush have filed herein an application for relief from stay.

1. [ ] to foreclose on and/or take possession and control of property described as follows:

2. [x] to proceed with the liquidation of claims involving the debtor or the debtor's estate pursuant to certain proceedings presently pending in Douglas District Court, County of Douglas, State of Colorado, Case No. 2008CV1161.

3. [ ] (other):

The Court, being duly advised, hereby orders that the relief sought by the application should be granted, and Movant is hereby granted relief from stay in order to proceed to take possession of, by way of the appointment of a receiver and otherwise, and to foreclose on the collateral above described, or to proceed with the above described litigation (but not to seek to enforce any judgment Movant may obtain against the debtor personally or the debtor's post-petition property.)

Dated: Jan. 28, 2009

BY THE COURT:

*Howard Tallman*

United States Bankruptcy Judge

# Exhibit B

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WALTER LEE SLAGEL | ) | CASE NO. 08-27683-HRT |
| NANCY SUZANNE MILLER | ) | CHAPTER 7 |
| | ) | |
| DEBTORS. | ) | |
| | ) | |
| YVONNE DUVAL, JODIE SAILORS, | ) | |
| JOAN WEDBUSH AND RAYMOND L. | ) | |
| WEDBUSH | ) | |
| | ) | |
| PLAINTIFFS | ) | |
| | ) | |
| V. | ) | ADV. PROC. NO. |
| | ) | 09 1051 HRT |
| WALTER LEE SLAGEL AND NANCY | ) | |
| SUZANNE MILLER | ) | |
| | ) | |
| DEFENDANTS. | ) | |

FILED 2009 FEB -2 AM 8:39 U.S. BANKRUPTCY COURT DISTRICT OF COLORADO BRADFORD L. BOLTON CLERK

## ADVERSARIAL COMPLAINT FOR DECLARATION THAT ASSETS OF DEBTOR ARE NOT EXEMPT FROM STATE CASE MONEY JUDGMENT AGAINST DEBTORS

Plaintiff Creditors Yvonne Duval, Jodie Sailors, Joan Wedbush and Raymond L. Wedbush through counsel, Gerald L. Jorgensen of JORGENSEN, MOTYCKA & LEWIS, P.C., respectfully submit the following Adversarial Complaint:

1. This Complaint seeks a determination that several of the claims asserted by the Plaintiffs against the Defendants in Case No. 2008 CV 1161, presently pending in the District Court for Douglas County, State of Colorado are nondischargeable pursuant to 11 U.S.C. § 523(a), Bankruptcy Rule 4007, and Bankruptcy Rule 7001(6).

2. In the alternative, this Complaint seeks money judgment for the claims alleged in the Douglas County District Court and a determination that such money judgment is nondischargeable pursuant to 11 U.S.C. § 523(a), Bankruptcy Rule 4007, and Bankruptcy Rule 7001(6).

3. On May 24, 2008, service was obtained upon the above named Debtors, Defendants herein, in the Douglas County matter.

Fee not paid

4. On November 6, 2008, Defendants filed a petition for relief under Chapter 7 of title 11, United States Code.

5. The question of the Debtors' discharge has not, as of this date, been determined.

6. Said Debtors are indebted to Plaintiffs in an amount to be determined at trial and said debt is founded upon claims which are excepted from discharge in bankruptcy.

7. This Court has jurisdiction to determine whether such claims are nondischargeable pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a) because the Defendants named herein are Debtors in Case No. 08-27683-HRT, a chapter 7 case presently pending in this district.

9. This is a core proceeding under 28 U.S.C. § 157(b)(2)(1).

10. Plaintiffs are investors and or lenders who supplied large amounts of cash to Defendants.

11. In the Douglas County District Court Case No. 2008 CV 1161, Plaintiffs have alleged claims of Fraud in the Inducement to Contract, Violation of the Colorado Organized Crime Control Act, C.R.S. § 18-17-101 et seq., Conversion, Breach of Fiduciary Duty, Claim Against Trust Funds/Breach of Statutory Trust Fund Doctrine, Civil Conspiracy, and Alter Ego and Piercing the Veil. *See,* Complaint attached hereto as Exhibit A.

12. Plaintiffs incorporate all allegations and claims contained in the attached Exhibit A by reference.

13. If the following claims are proven in the Douglas County District Court case, this Court's determination of dischargeability would naturally follow based upon its use of issue preclusion aka collateral estoppel:

   a. **Fraud in the Inducement to Contract** If Plaintiffs prove their Fraud in the Inducement to Contract claim, they will have met the requirements of 11 U.S.C. § 523(a)(2)(A) because they allege more than simple misrepresentation by the Defendants of their financial condition and can, therefore, base nondischargeability upon the oral misrepresentations made by Defendants regarding predicted profitability, intended use of funds, and market conditions.

   b. **Colorado Organized Crime Act** If Plaintiffs prove their Colorado Organized Crime Control Act claims, then they will have met the requirements of 11 U.S.C. § 523(a)(6) because racketeering is, by its definition, both willful and malicious. *See* for example *In re Fryar*, 143 B.R. 396, Bkrtcy.W.D.La.,1992.

c. **Conversion** If Plaintiffs prove their Conversion claim, then they will have similarly met the requirements of 11 U.S.C. § 523(a)(6) because they allege that Defendants' conversion was attended by circumstances of fraud and was, therefore, both willful and malicious. See *In re Pasek*, 983 F.2d 1524, 1528 (10th Cir. 1993) citing 3 Lawrence P. King, *Collier on Bankruptcy* ¶ 523.16[1] (15th ed. 1992).

d. **Breach of Fiduciary Duty** If Plaintiffs prove their Breach of Fiduciary Duty claim in the Douglas County District Court, they will have satisfied the requirements of 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4) because Plaintiffs' allege fraudulent use and usurpation of their funds by the Defendants.

e. **Breach of Statutory Trust Fund** If Plaintiffs prove their Breach of Statutory Trust Fund claim, they will have satisfied the requirements of 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4) because a violation of C.R.S. 38-22-127 constitutes theft according to that statute.

f. **Civil Conspiracy** If Plaintiffs prove their Civil Conspiracy claim, it will necessarily be based upon the illegal conduct complained of above. As such, the pertinent exceptions from discharge mentioned will apply.

WHEREFORE, Plaintiffs request that this Court enter declaratory judgment in their favor and against Defendants Walter Lee Slagel and Nancy Suzanne Miller jointly and severally for all sums that may become due based upon the aforementioned claims presented in Douglas County District Court Case No. 2008 CV 1161 and for a determination that such debt is not dischargeable pursuant to 11 U.S.C. § 523(a), Bankruptcy Rule 4007, and Bankruptcy Rule 7001(6). In the alternative, Plaintiffs request money judgment in their favor and against the Defendants for the claims alleged in the Douglas County District Court and a determination that such money judgment is nondischargeable pursuant to 11 U.S.C. § 523(a), Bankruptcy Rule 4007, and Bankruptcy Rule 7001(6).

**Respectfully submitted on January 29, 2009.**

JORGENSEN, MOTYCKA & LEWIS, P.C.

/s/ Gerald L. Jorgensen
Gerald L. Jorgensen, #18855
Attorney for Plaintiffs

Plaintiffs may be contacted through their attorney at 709 3rd Avenue, Longmont, CO 80501.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the January 29, 2009 a true and correct copy of the foregoing was served by United States Mail, first class postage prepaid on the following:

Stephen E. Berken, Esq.
1159 Delaware Street
Denver, CO 80204
*Attorney for the Debtors*

Janice A. Steinle
US Bankruptcy Trustee
9249 South Broadway, Suite 200
PMB 505
Highlands Ranch, CO 80129

Douglas County Court
4000 Justice Way, Suite 2009
Castle Rock, CO 80109

Douglas County District Court
4000 Justice Way #2009
Castle Rock, CO 80109

CASTLE MEINHOLD & STAWIARSKI, LLC
999 18th Street, Suite 2201
Denver, CO 80202
Attn: Britney Beall-Eder, Esq.
*Attorneys for Movant The Bank of New York Mellon*

/s/ Basinger
_____
Kelly H. Basinger, Paralegal