UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:<br><br>WALTER LEE SLAGEL<br>NANCY SUZANNE MILLER<br><br>DEBTORS.<br><br>YVONNE DUVAL, JODIE SAILORS,<br>JOAN WEDBUSH AND RAYMOND L.<br>WEDBUSH<br><br>PLAINTIFFS<br><br>V.<br><br>WALTER LEE SLAGEL AND NANCY<br>SUZANNE MILLER<br><br>DEFENDANTS. | CASE NO. 08-27683-HRT<br>CHAPTER 7<br><br><br><br><br><br><br><br><br><br>ADV. PROC. NO. |

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS ETC.**

Plaintiff Creditors Yvonne Duval, Jodie Sailors, Joan Wedbush and Raymond L. Wedbush through counsel, Gerald L. Jorgensen of JORGENSEN, MOTYCKA & LEWIS, P.C., respectfully submit the following Response to Defendants Walter Lee Slagel and Nancy Suzanne Miller's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12 (b)(6) or, in the alternative, for Summary Judgment Pursuant to Fed.R.Civ.P. 56:

1. Plaintiff Creditors have in no way asserted that the ultimate determination of the dischargeability of the several claims asserted by the Plaintiffs against the Defendants in Case No. 2008 CV 1161, presently pending in the District Court for Douglas County, State of Colorado.

2. In fact the Adversarial Complaint specifically requests in its first paragraph that Plaintiff Creditors are requesting that this court determine the claims to be nondischargeable pursuant to 11 U.S.C. § 523(a), Bankruptcy Rule 4007, and Bankruptcy Rule 7001(6).

3. In the alternative, Plaintiff Creditors incorporated the claims pled in Douglas County District Court Case No. 2008 CV 1161 (attached in exhibit form) and requested that this court order a money judgment and make a determination that

1

such money judgment is nondischargeable pursuant to 11 U.S.C. § 523(a), Bankruptcy Rule 4007, and Bankruptcy Rule 7001(6).

4. Plaintiff Creditors also asserted that the Debtors were indebted to Plaintiffs in an amount to be determined at trial and said debt is founded upon claims which are excepted from discharge in bankruptcy.

5. Debtors certainly may take objection to the allegation that the claims are nondischargeable, but there is no implication in the pleadings that this court would not ultimately make that determination. In fact the Complaint states:

> This Court has jurisdiction to determine whether such claims are nondischargeable pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523. *See* Adversarial Complaint par. 7

6. Plaintiff Creditors went further and provided notice of the types of claims pending and alleged that the claims were nondischargible.

7. There is clear precedent as to the use of issue preclusion aka collateral estoppel by Federal Bankruptcy Courts. *See, In re Jensen*, 395 B.R. 472 Bkrtcy.D.Colo., 2008.

8. Judge Teel recently and succinctly laid out the concept:

> Although the bankruptcy court has exclusive jurisdiction under § 523(c) to determine whether a debt based on fraud is dischargeable, the bankruptcy court may make that determination by applying principles of issue preclusion (also called collateral estoppel) to a state court judgment determining the existence and amount of such a debt. Even though no such judgment is yet in existence, common sense dictates that there ought not be a bar to this court's permitting a state court to try and issue a judgment determining the issue of whether a debt exists and the amount of the debt.
>
> Despite a bankruptcy court's exclusive jurisdiction under § 523(c) to determine the dischargeability of a debt for fraud alleged to fit within 11 U.S.C. § 523(a)(2), bankruptcy courts routinely apply collateral estoppel (issue preclusion) principles to ascertain whether a judgment of a state court entered prior to the commencement of the bankruptcy case establishes the necessary elements of nondischargeability. Even once a bankruptcy case has commenced, a bankruptcy court has discretion to permit litigation to proceed in state court to establish the existence and amount of the debt. With respect to the period during which the automatic stay is in effect in a case, a bankruptcy court has authority under 11 U.S.C. § 362(d) to lift the automatic stay of 11 U.S.C. § 362(a)(1) to permit such litigation to proceed in a state court. If liability is then found by the state court to exist, the bankruptcy court may then apply principles of collateral

2

estoppel (issue preclusion) as to whether the state court's judgment establishes the elements of nondischargeability under § 523(a)(2). *In re McCutchen*, Slip Copy, 2009 WL 361430,Bkrtcy.D.Dist.Col.,2009

9. Plaintiff Creditors simply and clearly allege that this case is an appropriate use of the doctrine.

WHEREFORE, Plaitntiff Creditors request that this court Deny Defendants Walter Lee Slagel and Nancy Suzanne Miller's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12 (b)(6) or, in the alternative, for Summary Judgment Pursuant to Fed.R.Civ.P. 56 .

**Respectfully submitted on March 24, 2009.**

JORGENSEN, MOTYCKA & LEWIS, P.C.

/s/ Gerald L. Jorgensen
Gerald L. Jorgensen,
Attorney for Plaintiffs

Plaintiffs may be contacted through their attorney at 709 3rd Avenue, Longmont, CO 80501.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the March 24, 2009 a true and correct copy of the foregoing was served by United States Mail, first class postage prepaid on the following:

Stephen E. Berken, Esq.
1159 Delaware Street
Denver, CO 80204
*Attorney for the Debtors*

Katharine E. Fisher, Esq.
999 18th St.
Ste. 2201
Denver, CO 80202
*Representing The Bank of New York Mellon*

Janice A. Steinle
US Bankruptcy Trustee
9249 South Broadway, Suite 200
PMB 505
Highlands Ranch, CO 80129

CASTLE MEINHOLD & STAWIARSKI, LLC
999 18th Street, Suite 2201
Denver, CO 80202
Attn: Britney Beall-Eder, Esq.
*Attorneys for Movant The Bank of New York Mellon*

Gilbert B. Weisman, Esq.
POB 3001
Malvern, PA 19355-0701
*Attorney for eCast Settlement Corporation*

Kurt E. Walberg
1741 Stuart Street
Denver, CO 80204

William F. Croke
600 17th Street, Suite 2800 South
Denver, CO 80202

/s/ Kelly H. Basinger
Kelly H. Basinger, Paralegal

4