# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | ) |
| | ) |
| WALTER LEE SLAGEL | ) CASE NO. 08-27683-HRT |
| NANCY SUZANNE MILLER, | ) CHAPTER 7 |
| | ) |
| DEBTORS. | ) |
| | ) |
| YVONNE DUVAL, JODIE SAILORS, | ) |
| JOAN WEDBUSH AND RAYMOND L. | ) |
| WEDBUSH, | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| V. | ) ADV. PROC. NO. 09-01051-HRT |
| | ) |
| WALTER LEE SLAGEL AND NANCY | ) |
| SUZANNE MILLER, | ) |
| | ) |
| DEFENDANTS. | ) |

---

## STATUS MEMORANDUM and MOTION FOR DECLARATION THAT ASSETS OF DEBTOR ARE NOT EXEMPT FROM MONEY JUDGMENT AWARDED IN DOUGLAS COUNTY DISTRICT COURT CASE NO. 2008 CV 1161

---

COME NOW Plaintiff Creditors Yvonne Duval, Jodie Sailors, Joan Wedbush and Raymond L. Wedbush through Counsel, Gerald L. Jorgensen of JORGENSEN, MOTYCKA & LEWIS, P.C., respectfully requesting that all monies owed to them by Defendant Debtors pursuant to Douglas County District Court Case No. 2008 CV 1161 be deemed nondischargeable pursuant to 11 U.S.C. § 523(a), Bankruptcy Rule 4007, and Bankruptcy Rule 7001(6); that Defendant Debtors' homestead exemption be deemed inapplicable as to those debts; and that the Court set a status hearing to determine what, if any, further proceedings should be held by this Court. As grounds therefore, Plaintiff Creditors state the following:

1. On December 9, 2008, Plaintiff Creditors filed their motion for relief from automatic stay, requesting permission from this Court to liquidate their claims against Defendant Debtors in Douglas County District Court Case No. 2008 CV 1161.

2. On January 28, 2009, the Court granted Plaintiff Creditors' motion, allowing them to liquidate those claims.

3. On April 7, 2009, the Douglas County District Court heard testimony from seven witnesses and reviewed 32 exhibits in Case No. 2008 CV 1161.

4. On November 19, 2009, the Douglas County District Court entered judgment against Defendant Debtors in Case No. 2008 CV 1161.

5. A copy of that court's order, judgment, findings of facts, and conclusions of law is attached hereto, marked Exhibit A, and incorporated herein by reference.

6. The following claims were proved in the Douglas County District Court, as reflected by that court's order, and should be deemed nondischargeable by this Court's application of collateral estoppel:

    a. **Fraud in the Inducement to Contract:** Plaintiffs proved their Fraud in the Inducement to Contract claim, and thereby met the requirements of 11 U.S.C. § 523(a)(2)(A) because they proved more than simple misrepresentation by the Defendant Debtors of their financial condition and can, therefore, base nondischargeability upon the oral misrepresentations made by Defendant Debtors and utilized by the trial court regarding predicted profitability, intended use of funds, and market conditions.

    b. **Colorado Organized Crime Act:** Plaintiff Creditors proved their Colorado Organized Crime Control Act claims, and thereby met the requirements of 11 U.S.C. § 523(a)(6) because racketeering is, by its definition, both willful and malicious. See, e.g., *In re Fryar*, 143 B.R. 396, Bkrtcy.W.D.La.,1992.

    c. **Conversion:** Plaintiff Creditors proved their Conversion claim, and thereby met the requirements of 11 U.S.C. § 523(a)(6) because they proved that Defendant Debtors' conversion was attended by circumstances of fraud and was, therefore, both willful and malicious. See, *In re Pasek*, 983 F.2d 1524, 1528 (10th Cir. 1993) (citing 3 Lawrence P. King, *Collier on Bankruptcy* ¶ 523.16[1] (15th ed. 1992)).

    d. **Breach of Fiduciary Duty:** Plaintiff Creditors proved their Breach of Fiduciary Duty claim in the Douglas County District Court, and thereby satisfied the requirements of 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4) because Plaintiff Creditors proved fraudulent use and usurpation of their funds by the Defendant Debtors.

    e. **Breach of Statutory Trust Fund:** Plaintiff Creditors proved their Breach of Statutory Trust Fund claim, and thereby satisfied the requirements of 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4) because a violation of C.R.S. 38-22-127 constitutes theft according to that statute.

   f. **Civil Conspiracy:** Plaintiff Creditors proved their Civil Conspiracy claim; that claim was based upon the illegal conduct complained of above. As such, the pertinent exceptions from discharge mentioned apply.

7. Judgment was entered in favor of Plaintiff Creditor, Yvonne Duval, and against Defendant Debtors, Walter Lee Slagel and Nancy Miller, jointly and severally in the amount of $2,038,774.11 based upon the aforementioned claims in the Douglas County District Court on November 19, 2009, *nunc pro tunc* April 7, 2009.

8. Judgment was entered in favor of Plaintiff Creditor, Jodi Sailors, and against Defendant Debtors, Walter Lee Slagel and Nancy Miller, jointly and severally in the amount of $488,994.64 based upon the aforementioned claims in the Douglas County District Court on November 19, 2009, *nunc pro tunc* April 7, 2009.

9. Judgment was entered in favor of Plaintiff Creditor, Ray Wedbush, and against Defendant Debtors, Walter Lee Slagel and Nancy Miller, jointly and severally in the amount of $591,563.31 based upon the aforementioned claims in the Douglas County District Court on November 19, 2009, *nunc pro tunc* April 7, 2009.

10. Judgment was entered in favor of Plaintiff Creditor, Joan Wedbush, and against Defendant Debtors, Walter Lee Slagel and Nancy Miller, jointly and severally in the amount of $1,157,345.30 based upon the aforementioned claims in the Douglas County District Court on November 19, 2009, *nunc pro tunc* April 7, 2009.

11. This Court is ultimately responsible for determining dischargeability pursuant to 11 U.S.C. § 523; however, according to the doctrine of collateral estoppel, Defendant Debtors are not entitled to re-litigate settled facts. *In re Wallace*, 840 F.2d 762, 765 (10th Cir.1988).

12. When the Court considers the preclusive effect of the state court judgment, its analysis is guided by the mandates of the Full Faith and Credit Act, 28 U.S.C. § 1738 and the Full Faith and Credit Clause of the Constitution, Art. IV, § 1. *In re Putvin*, 332 B.R. 619, 625 (10th Cir.2005).

13. In this case, the Full Faith and Credit Act directs the Court to look to Colorado law regarding potential application of the collateral estoppel doctrine. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).

14. In Colorado, a prior court decision precludes re-litigation of a legal or factual issue in a subsequent proceeding when (1) the issue sought to be precluded is identical to an issue actually and necessarily determined in a prior proceeding; (2) the party against whom estoppel is asserted was a party to or is in privity with, a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *In re Tonko*, 154 P.3d 397, 405 (Colo.2007).

15. Although the preclusive effect of collateral estoppel is not ordinarily applied to judgments rendered by default, where, as here, the trial court rendered findings based on evidence presented through affidavits, proffers, and trial, such preclusive effect is appropriate. *In re Sukut*, 357 B.R. 834, 839 (Bkrtcy.D.Colo.2006).

16. In this case, the Debtor Defendants' homestead property should also be reduced, pursuant to 11 U.S.C. § 522(o), to the extent that the value is attributable to fraudulent transfers of nonexempt property made by the debtor within the last 10 years.

WHEREFORE, Plaintiff Creditors request that all monies owed to them by Defendant Debtors pursuant to Douglas County District Court Case No. 2008 CV 1161 be deemed nondischargeable pursuant to 11 U.S.C. § 523(a), Bankruptcy Rule 4007, and Bankruptcy Rule 7001(6); that Defendant Debtors' homestead exemption be deemed inapplicable as to those debts; and that the Court set a status hearing to determine what, if any, further proceedings should be held by this Court.

**Respectfully submitted on December 1, 2009.**

JORGENSEN, MOTYCKA & LEWIS, P.C.

Gerald L. Jorgensen

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the December 1, 2009, a true and correct copy of the foregoing was placed in the United States Mail, postage prepaid, with service to:

Walter Lee Slagel
Nancy Suzanne Miller
P.O. Box 8822
Steamboat Springs, CO  80488

Janice A. Steinle
U.S. Bankruptcy Trustee
9249 South Broadway, Suite 200
P.M.B. 505
Highlands Ranch, CO  80129



| GRANTED | The moving party is hereby ORDERED to provide a copy of this Order to any pro se parties who have entered an appearance in this action within 10 days from the date of this order. | *Nancy A. Hopf*<br><br>Nancy A. Hopf<br>District Court Judge<br>Date of order indicated on attachment |

---

Douglas County District Court,
Douglas County Justice Center
4000 Justice Way Ste 2009
Castle Rock, Colorado 80109

EFILED Document
CO Douglas County District Court 18th JD
Filing Date: Nov 19 2009 9:33AM MST
Filing ID: 28123909
Review Clerk: N/A

**Plaintiff(s):** YVONNE DUVAL (AKA LISA MARIE);
JODI SAILORS; JOAN WEDBUSH and RAYMOND
L. WEDBUSH

v.

**Defendant(s):** LIGHTHOUSE CUSTOM HOMES,
INC. a Colorado Corporation; WALTER LEE SLAGEL;
NANCY MILLER and DREW MILLER

COURT USE ONLY

Case Number: 2008CV1161

Division: 6          Courtroom:

## ORDER AND JUDGMENT - FINDINGS OF FACTS AND CONCLUSIONS OF LAW

THIS MATTER came before the Court on April 7, 2009 for a hearing. Defendants failed to appear and Plaintiffs were present with Counsel, Gerald L. Jorgensen. The Court, after hearing testimony of Plaintiffs Yvonne Duval, Jodi Sailors, Joan Wedbush, Raymond Wedbush, testimony from Ed Wedbush, Jean B. Starr, and Mike Jacoby, reviewing the evidence presented and, accepting into evidence Plaintiff's Exhibits 1 through 32, examining the file and hearing the arguments from Counsel, and being otherwise fully advised, makes the following findings of fact and conclusions of law and enters the following ORDERS:

THE COURT FINDS:

1. In favor of the Plaintiffs and against all Defendants jointly and severally, Lighthouse Custom Homes, Inc., Walter Lee Slagel, and Nancy Miller on all claims.

2. Plaintiffs are investors and/or lenders who supplied large amounts of cash to Defendants. One of the Plaintiff's Yvonne Duval provided cash under a construction contract for the construction of a spec home on Lot 57. The monies provided under the construction contract were for the purchase of the Lot and the payment of subcontractors for the soft costs associated with the development of Lot 57. The Court finds that Defendants

*This pleading was filed electronically pursuant to Rule 121 § 1-26. The original signed pleading is in the attorney and/or court's file.*

*Page 1 of 5*


EXHIBIT
A

purchased the Lot and immediately thereafter encumbered the Lot to pay previously incurred debts. The remainder of the funds that were provided were never disbursed for soft costs or subcontractors but were instead used by Defendants either personally or for other projects.

3. At all relevant times described in Plaintiff's Complaint and Jury Demand, Defendants Walter Lee Slagel and Nancy Miller were sometimes operating in their own names and sometimes operating jointly with and under the name of Lighthouse Custom Homes, Inc.

4. Lighthouse Custom Homes, Inc, was a Colorado Corporation (registered in October 24, 2001, and sometimes under the name of LCH (hereinafter "LCH").

5. Defendant Walt Lee Slagel and Nancy Miller's conduct can be imputed to Defendants LCH through agency and joint venture principals.

6. Defendant Drew Miller is a minor child and is hereby dismissed from this action.

7. Defendants and Plaintiff Yvonne Duval contracted to construct a spec home for profitable resale.

8. Defendants were entrusted with Plaintiff Yvonne Duval's money and entrusted to act for her benefit.

9. Defendants breached their fiduciary duty to act in the best interest of Plaintiff Yvonne Duval in their use of the funds supplied.

10. Defendants Walt Lee Slagel and Nancy Miller knowingly and with reckless disregard, misstated facts or failed to disclose relevant facts to each of the Plaintiffs Yvonne Duval, Jodi Sailors, Joan Wedbush, Raymond Wedbush regarding obtaining Plaintiff's money either by loan or investment to conduct a viable construction business.

11. Defendants never intended to re-pay Plaintiffs.

12. Plaintiffs reasonably relied on and acted upon Defendants' statements and this caused damages to the Plaintiffs.

13. Defendants profited from converting funds received from the Plaintiffs for their own personal uses and committed theft which involved interstate or foreign commerce in amounts that exceeded $5,000 by transporting funds herein involved across state or international borders.

14. Defendants participated in and knew the transactions were conducted with theft, conversion or fraud. Defendants devised the scheme to misrepresent the truth facts to the Plaintiffs.

*This pleading was filed electronically pursuant to Rule 121 § 1-26. The original signed pleading is in the attorney and/or court's file.

Page 2 of 5

15. Defendants asserted dominion and control over Plaintiff's cash, whereupon Defendants retained and used the proceeds inconsistently with all agreements and without Plaintiff's authorization.

16. Plaintiffs demanded return of their money or payment pursuant to the terms of their agreements.

17. Plaintiffs have met with all procedural and evidentiary requirements under all alleged claims.

18. Plaintiffs have suffered damages based on Defendants' concerted actions.

19. Based on the foregoing facts, Plaintiffs are granted the following claims for relief:

   a) Fraud in the Inducement to Contract;
   b) Violation of the Colorado Organized Crime Control Act, C.R.S. § 18-17-104(1)(a);
   c) Conversion;
   d) Breach of Fiduciary Duty;
   e) Breach of Statutory Trust Fund;
   f) Civil Conspiracy;
   g) Breach of Contract;
   h) Respondeat Superior;
   i) Piercing the Corporate Veil;

20. In order to avoid duplicate damages from various categories, the Court follows the following mathematical scheme:

| PLAINTIFF | ECONOMIC LOSS/PRINCIPAL AMOUNT | NON-ECONOMIC (EMOTIONAL DISTRESS) | (C.R.S. 18-17-104(1)(a) and/or C.R.S. 38-22-127) TOTAL COMPENSATORY DAMAGES | (CRS 18-4-405) STATUTORY TREBLE DAMAGES (compensatory damages x 3) | PREJUDGMENT ON PRINCIPAL AMOUNT (30%) contractual interest on original principal amount/economic damages | Principal & prejudgment int. (x 12 months at 8%) Statutory interest on noneconomic damages only | TOTAL damages + prejudgment interest |
|---|---|---|---|---|---|---|---|
| **Yvonne Duval** | $522,400.00 | $100,000.00 | $622,400.00 | $1,867,200.00 | $156,720.00 | $4,527.47 | $2,028,447.47 |
| 1/4 Attorney Fees | | | | | | | $10,076.10 |
| 1/4 court cost | | | | | | | $250.54 |
| | | | | | | TOTAL | $2,038,774.11 |
| **Jodi Sailors** | $54,000.00 | $100,000.00 | $154,000.00 | $462,000.00 | $16,200.00 | $468.00 | $478,668.00 |
| 1/4 Attorney Fees | | | | | | | $10,076.10 |
| 1/4 court cost | | | | | | | $250.54 |
| | | | | | | TOTAL | $488,994.64 |

*This pleading was filed electronically pursuant to Rule 121 § 1-26. The original signed pleading is in the attorney and/or court's file.*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Ray Wedbush** | $85,000.00 | $100,000.00 | $185,000.00 | $555,000.00 | $25,500.00 | $736.67 | $581,236.67 |
| 1/4 Attorney Fees | | | | | | | $10,076.10 |
| 1/4 court cost | | | | | | | $250.54 |
| | | | | | | TOTAL | $591,563.31 |
| **Joan Wedbush** | $256,000.00 | $100,000.00 | $356,000.00 | $1,068,000.00 | $76,800.00 | $2,218.67 | $1,147,018.67 |
| 1/4 Attorney Fees | | | | | | | $10,076.10 |
| 1/4 court cost | | | | | | | $250.53 |
| | | | | | | TOTAL | $1,157,345.30 |
| | | | | | | Judgment TOTAL | $4,276,677.36 |

Judgment therefore enters in favor of Plaintiff **Yvonne Duval** and against Defendants, Lighthouse Custom Homes, Inc., Walter Lee Slagel, and Nancy Miller jointly and severally in the amount of **$2,038,774.11.**

Judgment therefore enters in favor of Plaintiff **Jodi Sailors** and against Defendants, Lighthouse Custom Homes, Inc., Walter Lee Slagel, and Nancy Miller jointly and severally in the amount of **$488,994.64.**

Judgment therefore enters in favor of Plaintiff **Ray Wedbush** and against Defendants, Lighthouse Custom Homes, Inc., Walter Lee Slagel, and Nancy Miller jointly and severally in the amount of **$591,563.31.**

Judgment therefore enters in favor of Plaintiff **Joan Wedbush** and against Defendants, Lighthouse Custom Homes, Inc., Walter Lee Slagel, and Nancy Miller jointly and severally in the amount of **$1,157,345.30.**

ORDERED THIS _____ day of June, 2009, *nunc pro tunc* April 7, 2009.

BY THE COURT:

_____

District Court Judge

*This pleading was filed electronically pursuant to Rule 121 § 1-26. The original signed pleading is in the attorney and/or court's file.*

Drafted by Attorney for Plaintiffs:
Gerald L. Jorgensen, Esq. #18855
709 3rd Avenue
Longmont, CO  80501
Phone Number: 303-678-0560
Fax Number: 303-678-1164
gerald@counselcolorado.com

JORGENSEN, MOTYCKA & LEWIS, P.C.

*/s/ Gerald L. Jorgensen*
Gerald L. Jorgensen, #18855
Attorney for Plaintiffs
*Original signature on file and available for inspection upon request pursuant to C.R.C.P. 121, §1-26(9*

## CERTIFICATE OF SERVICE

I certify that on July 24, 2009, a true and correct copy of the foregoing was hand delivered or e-filed with service to:

Lighthouse Custom Homes, Inc.
Walter Lee Slagel
Nancy Miller & Drew Miller
6260 Hawks Eye Court
Castle Rock, CO 80108

*/s/ Kelly H. Basinger*
Kelly H. Basinger, Sr. Paralegal

*This pleading was filed electronically pursuant to Rule 121 § 1-26. The original signed pleading is in the attorney and/or court's file.*

*Page 5 of 5*

This document constitutes a ruling of the court and should be treated as such.

| | |
|---|---|
| **Court:** | CO Douglas County District Court 18th JD |
| **Judge:** | Nancy A Hopf |
| **File & Serve Transaction ID:** | 26281187 |
| **Current Date:** | Nov 19, 2009 |
| **Case Number:** | 2008CV1161 |
| **Case Name:** | DUVAL AKA LISA MARIE, YVONNE et al vs. LIGHTHOUSE CUSTOM HOMES INC et al |

/s/ Judge Nancy A Hopf