**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WALTER LEE SLAGEL | ) | CASE NO. 08-27683-HRT |
| NANCY SUZANNE MILLER, | ) | CHAPTER 7 |
| | ) | |
| DEBTORS. | ) | |
| | ) | |
| YVONNE DUVAL, JODIE SAILORS, | ) | |
| JOAN WEDBUSH AND RAYMOND L. | ) | |
| WEDBUSH, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| V. | ) | ADV. PROC. NO. 09-01051-HRT |
| | ) | |
| WALTER LEE SLAGEL AND NANCY | ) | |
| SUZANNE MILLER, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

---

## RENEWED MOTION FOR SUMMARY JUDGMENT

---

COME NOW Plaintiff Creditors Yvonne Duval, Jodie Sailors, Joan Wedbush and Raymond L. Wedbush through Counsel, Gerald L. Jorgensen of JORGENSEN, MOTYCKA & LEWIS, P.C., respectfully files their *Renewed Motion for Summary Judgment* requesting that all monies owed to them by Defendant Debtors pursuant to Douglas County District Court Case No. 2008 CV 1161 be deemed nondischargeable pursuant to 11 U.S.C. § 523(a), Bankruptcy Rule 4007, and Bankruptcy Rule 7001(6), and that Defendant Debtors' homestead exemption be deemed inapplicable as to those debts.  As grounds therefore, Plaintiff Creditors state the following:

I.     BURDEN OF PROOF

1.      In adversary proceedings, Fed.R.Civ.P. 56 applies pursuant to Fed.R.Bank.P. 7056.  Thus, summary judgment is warranted if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *In re Ogden*, 314 F.3d 1190, 1195 (10th Cir.2002) (quoting Fed.R.Civ.P. 56).

2.      Fed.R.Civ.P. 56 facilitates the entry of a judgment only if no trial is necessary. *White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir.1995).  Summary adjudication is authorized when

there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

3.      In a motion for summary judgment, the moving party bears the initial responsibility of informing the trial court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If this burden is met, then the non-moving party has the burden of showing there are genuine issues of material fact to be determined. *Id.* at 322. It is not enough that the evidence be merely colorable; the non-moving party must come forward with specific facts showing a genuine issue remains. *Id.*; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

4.      Substantive law governs what facts are material and what issues must be determined; it also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.,* 870 F.2d 563, 565 (10th Cir.1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *Anderson,* 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *Garrett v. Hewlett-Packard Co.,* 305 F.3d 1210, 1213 (10th Cir.2002).

II.     <u>FACTS RELATED TO THE ACTIONS OF THE DOUGLAS COUNTY DISTRICT COURT OF THE STATE OF COLORADO</u>

1.      A civil case was filed by Plaintiffs and against Defendants in Douglas County District Court of the State of Colorado May 22, 2008 claiming damages under the following claims of action: Fraud in the Inducement to Contract, Colorado Organized Crime Act: Conversion, Breach of Fiduciary Duty, Breach of Statutory Trust Fund, and Civil Conspiracy. *See* District Court Complaint attached hereto as Exhibit "A."

2.      A motion for clerk's entry of default with regard to Defendant Miller was filed in this case on July 21, 2008, to which Defendant Miller never responded. A notice of trial date was served on Defendants on October 3, 3008. A motion for default judgment with regard to Defendant Miller was filed with accompanying affidavits on November 5, 2008, to which Defendant Miller never responded. *See* Order Detailing April 7, 2009, Court Recording Equipment Malfunction and Findings of Fact, paragraphs 1-4, attached hereto as Exhibit "B."

3.      The Douglas County District Court was stayed pending the proceedings in United States Bankruptcy Court for the State of Colorado Case No. 08-27683-HRT on December 2, 2008 and such stay was in effect until the Bankruptcy Court Ordered the parties to liquidate their claims in therein and it was revived on February 5, 2009. *Id.* at paragraph 5-6.

4.      A request to set status conference was filed on March 9, 2009, by Plaintiffs and a notice

of pretrial readiness conference was served on Defendants on March 25, 2009. Defendant Slagel appeared by telephone at the pretrial readiness conference and the Court advised him of the necessity of appearing at the trial scheduled to begin on April 7, 2009, to which Defendant Slagel responded that he did not think that he could "make it." *Id.* at paragraph 7-9.

5.     A proposed trial management order and trial memorandum, were filed by Plaintiffs on April 1, 2009, and April 6, 2009, respectively, and Trial was commenced on April 7, 2009.  *Id.* at paragraph 7-9.

6.     Notwithstanding Defendant's lack of appearance, the Court heard the testimony of Yvonne Duval, Jodi Sailors, Joan Wedbush, Raymond Wedbush, Ed Wedbush, Jean B. Starr, and Mike Jacoby and received Plaintiffs' Exhibits 1 through 32 into evidence. After listening to all such testimony and reviewing all such exhibits, the Court found that Plaintiffs have proved up the facts by a preponderance of the evidence. *Id.* at paragraph 10-13.

III.     ANALYSIS AND FACTUAL SUPPORT FOR THE ELEMENTS OF CLAIMS

A.     For Plaintiff Creditors to prevail on their claim of nondischargability pursuant to 11 U.S.C. § 523(a)(2)(A), they must prove that:

1.     Defendant Debtors obtained money, property, services, or an extension, renewal, or refinancing of credit from Plaintiff Creditors;

2.     By false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

3.     Plaintiff proved the following factual allegations with reference to the first prong of 11 U.S.C. § 523(a)(2)(A) by showing by a preponderance of the evidence that:

    a.  Plaintiffs were investors and lenders who supplied large amounts of cash to Defendants. *Id.* at paragraph 13. a.

    b.  Plaintiffs, Yvonne Duval, Jodie Sailors, Joan Wedbush and Raymond L. Wedbush were all approached by Defendants Walter Lee Slagel and Nancy Miller, and convinced to lend funds for the furtherance of the subdivision and construction business. *Id.* at paragraph 13. i.

    c.  The transactions through interstate and foreign commerce involved amounts worth more than $5,000.00 in value. *Id.* at paragraph 13. gg.

    d.  Defendants Walter Lee Slagel, Nancy Miller and Drew Miller asserted dominion and control over the property (cash) of Plaintiffs. *Id.* at paragraph 13. nn.

    e.  Plaintiff Yvonne Duval disbursed funds to Defendant LCH under a construction contract for work on lot 57. *Id.* at paragraph 13. ww.

4.     Plaintiff proved the following factual allegations with reference to the second prong of 11 U.S.C. § 523(a)(2)(A) by showing by a preponderance of the evidence that:

a. Based upon the representations and failures to disclose of Defendant Walt Lee Slagel, Plaintiff Yvonne Duval advanced a large sum of money to Defendant LCH for the construction upon lot 57. The proceeds that were to be used to purchase the lot did so (which was never placed in Plaintiff Yvonne Duval's name) but were immediately subordinated by encumbrance with a first and second mortgage in excess of the lot's value so that the proceeds were never used in any beneficial manner in furtherance of the contract. The money advanced under the contract for the "soft costs" was never used in any beneficial manner in furtherance of the contract. *Id.* at paragraph 13. e-g.

b. Defendants Walter Lee Slagel and Nancy Miller represented that the funds would be invested in land purchases and soft costs related to new home construction. Defendants Walter Lee Slagel and Nancy Miller failed to disclose that the funds would be used to pay off previous collections and notes due and would do nothing to promote the business plan of the company. *Id.* at paragraph 13. m-n.

c. Defendants Walter Lee Slagel and Nancy Miller failed to disclose that their extravagant life style was not the result of good profits but rather the result of the misappropriation and misuse of funds loaned to the business by unwitting private and institutional lenders. *Id.* at paragraph o.

d. The proceeds of the loans were never invested in real property but were diverted to pay pre-existing debts and or were personally used or held by Defendants Walter Lee Slagel, Nancy Miller and Drew Miller for purposes inconsistent with representations made to induce the transfer of funds. *Id.* at paragraph r.

e. Defendant Walter Lee Slagel and Nancy Miller made statements that were false because Defendant Walter Lee Slagel did not intend to ever re-pay Plaintiffs. *Id.* at paragraph t.

f. Defendant Walter Lee Slagel and Nancy Miller failed to make material disclosures that they knew would have been important to Plaintiffs and would have been relied upon by Plaintiffs in their decisions to invest or lend, these actions were intentional and it was reasonable for Plaintiffs to regard the oral and written statements and omissions of Defendants Walter Lee Slagel and Nancy Miller as important in making their decision to give their money for investment and loan with Defendants. *Id.* at paragraph u-w.

g. Defendant Walter Lee Slagel converted the funds received from the Plaintiffs to his own personal uses and committed theft by guile and fraud. *Id.* at paragraph cc-dd.

h. Defendants Walter Lee Slagel, Nancy Miller and Drew Miller received portions of the funds knowing them to be stolen, converted, and taken by fraud, participated in these transactions and knew the transactions were conducted with theft, conversion, and fraud and devised this scheme to defraud Plaintiffs and obtain money and property through false and fraudulent pretenses and representations. *Id.* at paragraph hh-jj.

5. For Plaintiff Creditors to prevail on their claim of nondischargability pursuant to 11 U.S.C. § 523(a)(4), they must prove that:
   a. Defendant Debtors are indebted to Plaintiff Creditors;
   b. For fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

6. Plaintiff proved the following factual allegations with reference to the first prong of 11 U.S.C. § 523(a)(4) by showing by a preponderance of the evidence that:

   a. Based upon the representations and failures to disclose of Defendant Walt Lee Slagel, Plaintiff Yvonne Duval advanced a large sum of money to Defendant LCH for the construction upon lot 57. *Id.* at paragraph e.
   b. Plaintiffs, Yvonne Duval, Jodie Sailors, Joan Wedbush and Raymond L. Wedbush were all approached by Defendants Walter Lee Slagel and Nancy Miller, and convinced to lend funds for the furtherance of the subdivision and construction business. Plaintiffs, Yvonne Duval, Jodie Sailors, Joan Wedbush and Raymond L. Wedbush were told lavish stories by Defendants Walter Lee Slagel and Nancy Miller about the prosperity of the development business in Castle Rock, the reliability of himself and of LCH to pay interest and principal upon the borrowed and invested funds and made other representations regarding their business plan, progress, equity and the profitability of their venture that enabled them to pay substantial interest to private lenders. *Id.* at paragraph i-k.
   c. Many of the cash advance transactions were made by wire and received by Defendants Walter Lee Slagel, Nancy Miller and Drew Miller. *Id.* at paragraph q.
   d. Numerous demands for payment or accounting of the funds were made by plaintiffs, but none were answered by Defendants. *Id.* at paragraph s.

7. Plaintiff proved the following factual allegations with reference to the second prong of 11 U.S.C. § 523(a)(4) by showing by a preponderance of the evidence that:

   a. Defendant Walter Lee Slagel converted the funds received from the Plaintiffs to his own personal uses and committed theft by guile and fraud. *Id.* at paragraph cc-dd.
   b. Defendants Walter Lee Slagel, Nancy Miller and Drew Miller received portions of the funds knowing them to be stolen, converted, and taken by fraud, participated in these transactions and knew the transactions were conducted with theft, conversion, and fraud and devised this scheme to defraud Plaintiffs and obtain money and property through false and fraudulent pretenses and representations. *Id.* at paragraph hh-jj.

8. For Plaintiff Creditors to prevail on their claim of nondischargability pursuant to 11 U.S.C. § 523(a)(6), they must prove that:
   a. Defendant Debtors are indebted to Plaintiff Creditors;
   b. For willful and malicious injury.

9. Plaintiff proved the following factual allegations with reference to the first prong of 11 U.S.C. § 523(a)(6) by showing the same criteria as under 11 U.S.C. § 523(a)(4) above.

10. Plaintiff proved the following factual allegations with reference to the second prong of 11 U.S.C. § 523(a)(6) by showing by a preponderance of the evidence that:

   a. Defendants Walter Lee Slagel and Nancy Miller failed to disclose that their extravagant life style was not the result of good profits but rather the result of the misappropriation and misuse of funds loaned to the business by unwitting private and institutional lenders. *Id.* at paragraph o.

   b. Defendant Walter Lee Slagel converted the funds received from the Plaintiffs to his own personal uses and committed theft by guile and fraud. *Id.* at paragraph cc-dd.

   c. Defendants Walter Lee Slagel, Nancy Miller and Drew Miller received portions of the funds knowing them to be stolen, converted, and taken by fraud, participated in these transactions and knew the transactions were conducted with theft, conversion, and fraud and devised this scheme to defraud Plaintiffs and obtain money and property through false and fraudulent pretenses and representations. *Id.* at paragraph hh-jj.

11. The above claims were proved in the Douglas County District Court, as reflected by that court's order, and should be deemed nondischargeable by this Court's application of collateral estoppel:

12. Judgment was entered in favor of Plaintiff Creditor, Yvonne Duval, and against Defendant Debtors, Walter Lee Slagel and Nancy Miller, jointly and severally in the amount of $2,038,774.11 based upon the aforementioned claims in the Douglas County District Court on November 19, 2009, *nunc pro tunc* April 7, 2009.

13. Judgment was entered in favor of Plaintiff Creditor, Jodi Sailors, and against Defendant Debtors, Walter Lee Slagel and Nancy Miller, jointly and severally in the amount of $488,994.64 based upon the aforementioned claims in the Douglas County District Court on November 19, 2009, *nunc pro tunc* April 7, 2009.

14. Judgment was entered in favor of Plaintiff Creditor, Ray Wedbush, and against Defendant Debtors, Walter Lee Slagel and Nancy Miller, jointly and severally in the amount of $591,563.31 based upon the aforementioned claims in the Douglas County District Court on November 19, 2009, *nunc pro tunc* April 7, 2009.

15. Judgment was entered in favor of Plaintiff Creditor, Joan Wedbush, and against Defendant Debtors, Walter Lee Slagel and Nancy Miller, jointly and severally in the amount of $1,157,345.30 based upon the aforementioned claims in the Douglas County District Court on November 19, 2009, *nunc pro tunc* April 7, 2009.

16. This Court is ultimately responsible for determining dischargeability pursuant to 11 U.S.C. § 523; however, according to the doctrine of collateral estoppel, Defendant

Debtors are not entitled to re-litigate settled facts. *In re Wallace*, 840 F.2d 762, 765 (10th Cir.1988).

17. When the Court considers the preclusive effect of the state court judgment, its analysis is guided by the mandates of the Full Faith and Credit Act, 28 U.S.C. § 1738 and the Full Faith and Credit Clause of the Constitution, Art. IV, § 1. *In re Putvin*, 332 B.R. 619, 625 (10th Cir.2005).

18. In this case, the Full Faith and Credit Act directs the Court to look to Colorado law regarding potential application of the collateral estoppel doctrine. *Marrese v. Am. Acad. of Orthopedic Surgeons,* 470 U.S. 373, 380 (1985).

19. In Colorado, a prior court decision precludes re-litigation of a legal or factual issue in a subsequent proceeding when (1) the issue sought to be precluded is identical to an issue actually and necessarily determined in a prior proceeding; (2) the party against whom estoppel is asserted was a party to or is in privity with, a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair **opportunity** to litigate the issue in the prior proceeding. *In re Tonko,* 154 P.3d 397, 405 (Colo. 2007){emphasis added}.

20. Although the preclusive effect of collateral estoppel is not ordinarily applied to judgments rendered by default, where, as here, the trial court rendered findings based on evidence presented through affidavits, proffers, and trial, such preclusive effect is appropriate. *In re Sukut*, 357 B.R. 834, 839 (Bkrtcy.D.Colo.2006).

21. In this case, the Debtor Defendants' homestead property should also be reduced, pursuant to 11 U.S.C. § 522(o), to the extent that the value is attributable to fraudulent transfers of nonexempt property made by the debtor within the last 10 years.

WHEREFORE, Plaintiff Creditors request that all monies owed to them by Defendant Debtors pursuant to Douglas County District Court Case No. 2008 CV 1161 be deemed nondischargeable pursuant to 11 U.S.C. § 523(a), Bankruptcy Rule 4007, and Bankruptcy Rule 7001(6), and that Defendant Debtors' homestead exemption be deemed inapplicable as to those debts.

**Respectfully submitted on June 9, 2010.**

JORGENSEN, MOTYCKA & LEWIS, P.C.

Gerald L. Jorgensen

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the June 9, 2010, a true and correct copy of the foregoing was placed in the United States Mail, postage prepaid, with service to:

Gregory S. Bell, Esq.
322 East Oak Street
Fort Collins, CO 80524
(970) 493-8999
*Attorney for Defendants*

Janice A. Steinle
U.S. Bankruptcy Trustee
9249 South Broadway, Suite 200
P.M.B. 505
Highlands Ranch, CO  80129

| | |
|---|---|
| Douglas County District Court,<br>Douglas County Justice Center<br>4000 Justice Way Ste 2009<br>Castle Rock, Colorado 80109 | |
| **Plaintiff(s):** YVONNE DUVAL (AKA LISA MARIE);<br>JODI SAILORS;  JOAN WEDBUSH and RAYMOND L.<br>WEDBUSH<br><br>v.<br><br>**Defendant(s):** LIGHTHOUSE CUSTOM HOMES, INC. a<br>Colorado Corporation; WALTER LEE SLAGEL; NANCY<br>MILLER and DREW MILLER | ▲ **COURT USE ONLY** ▲ |
| Jorgensen, Motycka & Lewis, P.C.<br>Gerald L. Jorgensen, Esq. #18855<br>709 3rd Avenue,<br>Longmont, CO 80501<br>Phone Number: 303-678-0560<br>Fax Number: 303-678-1164<br>gerald@counselcolorado.com | Case Number:<br><br>2008CV<br><br>Division:        Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiffs, Yvonne Duval, Jodie Sailors, Joan Wedbush and Raymond L. Wedbush through counsel, Gerald L. Jorgensen of JORGENSEN, MOTYCKA & LEWIS, P.C., submits the following *Complaint and Jury Demand*:

### JURISDICTION AND VENUE

1.    Jurisdiction in this court is proper pursuant to C.R.S. § 13-1-124(1)(b)(2004) because the tortuous conduct was committed in the State of Colorado, County of Douglas.

2.    Jurisdiction in the District Court is also proper pursuant to C.R.S. § 13-1-124(1)(b)(2004) because business transactions in this action occurred in the State of Colorado, County of Douglas.

3.    Venue is proper because Defendant Lighthouse Custom Homes, Inc.'s principal place of business is in Douglas County, Colorado.

### GENERAL ALLEGATIONS

*This document was filed electronically pursuant to Rule 121 § 1-26.  The original signed document is in the attorney's file.*<br>*Page 1 of 9*

EXHIBIT
**A**
Bumblebee No. 5119

4.  Plaintiffs are investors and or lenders who supplied large amounts of cash to Defendants.

5.  At the time of the incidents described herein, Defendants Walter Lee Slagel, Nancy Miller and Drew Miller were sometimes operating in their own names and sometimes operating jointly with and under the name of Lighthouse Custom Homes, Inc. (hereinafter "LCH"), which was a Colorado Corporation (registered October 24, 2001), and sometimes simply under the name of LCH.

6.  Defendant Walter Lee Slagel, represented to Plaintiff Yvonne Duval that they would take invested cash and first purchase lots, take additional invested money and use it to pay for "soft costs" for the construction of spec homes.

7.  On or about, September 28, 2006 Defendant presented to Plaintiff Yvonne Duval a contract for the purchase and construction of a spec home on lot 57 Timber Canyon, Castle Rock, Colorado.

8.  Based upon the representations and failures to disclose of Defendant Walt Lee Slagel, Plaintiff Yvonne Duval advanced a large sum of money to Defendant LCH for the construction upon lot 57.

9.  Upon reasonable belief, the proceeds that were to be used to purchase the lot did so (which was never placed in Plaintiff Yvonne Duval's name) but were immediately subordinated by encumbrance with a first and second mortgage in excess of the lot's value so that the proceeds were never used in any beneficial manner in furtherance of the contract.

10. Upon reasonable belief, the money advanced under the contract for the "soft costs" was never used in any beneficial manner in furtherance of the contract.

11. Upon reasonable belief, lot 57 to this date remains empty, unimproved and is the subject of a bank foreclosure.

12. Plaintiffs, Yvonne Duval, Jodie Sailors, Joan Wedbush and Raymond L. Wedbush were all approached by Defendants Walt Lee Slagel and Nancy Miller, and convinced to lend funds for the furtherance of the subdivision and construction business.

13. Plaintiffs, Yvonne Duval, Jodie Sailors, Joan Wedbush and Raymond L. Wedbush were told lavish stories by Defendants Walt Lee Slagel and Nancy Miller about the prosperity of the development business in Castle Rock, the reliability of himself and of LCH to pay interest and principal upon the borrowed and invested funds.

14. Defendants Walt Lee Slagel and Nancy Miller made representations regarding their business plan, progress, equity and the profitability of their venture that enabled them to pay substantial interest to private lenders.

14. Defendants Walt Lee Slagel and Nancy Miller made representations regarding their business plan, progress, equity and the profitability of their venture that enabled them to pay substantial interest to private lenders.

15. Defendants Walt Lee Slagel and Nancy Miller failed to disclose that Mr. Slagel's adverse credit history, including many judgments and then outstanding suits were the reasons he needed to borrow money from private parties.

16. Defendants Walt Lee Slagel and Nancy Miller represented that the funds would be invested in land purchases and soft costs related to new home construction.

17. Defendants Walt Lee Slagel and Nancy Miller failed to disclose that the funds would be used to pay off previous collections and notes due and would do nothing to promote the business plan of the company.

18. Defendants Walt Lee Slagel and Nancy Miller failed to disclose that their extravagant life style was not the result of good profits but rather the result of the misappropriation and misuse of funds loaned to the business by unwitting private and institutional lenders.

19. Defendants Walt Lee Slagel and Nancy Miller failed to disclose that at the time of the loans and investments the market was slowing, that inventory was remaining unsold and accruing interest in excess of equity.

20. Many of the cash advance transactions were made by wire and received by Defendants Walt Lee Slagel, Nancy Miller and Drew Miller.

21. Upon reasonable belief, the proceeds of the loans were never invested in real property but were diverted to pay pre-existing debts and or were personally used or held by Defendants Walt Lee Slagel, Nancy Miller and Drew Miller for purposes inconsistent with representations made to induce the transfer of funds.

22. Numerous demands for payment or accounting of the funds have not been forthcoming.

### FIRST CLAIM FOR RELEIF
### (Fraud in the Inducement to Contract)
### (Against Defendants LCH and Walt Lee Slagel, Nancy Miller and Drew Miller)

23. Plaintiffs incorporate the General Allegations and all Claims for Relief herein by reference.

24. Defendants Walt Lee Slagel and Nancy Miller knowingly misstated facts or failed to disclose relevant facts to each Plaintiff as indicated above.

25. The facts misstated by Defendant Walt Lee Slagel and Nancy Miller were false because Defendant Walt Lee Slagel did not intend to ever re-pay Plaintiffs or were made with reckless disregard to his known ability to re-pay.

26. Disclosures not made by Defendant Walt Lee Slagel and Nancy Miller that they knew were important to Plaintiff's and would have been relied upon by Plaintiffs in their decisions to invest or lend.

27. Defendant Walt Lee Slagel and Nancy Miller's intent can be inferred from the consistent pattern of transactions detailed above.

28. A reasonable person in Plaintiffs' positions would regard the oral and written statements and or omissions of Defendants Walt Lee Slagel and Nancy Miller as important in making their decision to give their money for investment or loan with Defendants.

29. Plaintiffs believed Defendants Walt Lee Slagel and Nancy Miller's statements to be true.

30. Multiple Plaintiffs of similar intelligence, education, and experience relied on Defendant Walt Lee Slagel and Nancy Miller's statements.

31. Plaintiffs' reliance on Defendant Walt Lee Slagel and Nancy Miller's statements caused damages to Plaintiffs.

32. Defendant Walt Lee Slagel and Nancy Miller's conduct can be imputed to Defendants LCH and Drew Miller through agency and joint venture principals.

WHEREFORE, Plaintiffs pray for Judgment to enter against Defendants Walt Lee Slagel Nancy Miller, Drew Miller and LCS for economic and consequential damages in an amount to be determined at trial and for any other and such further relief as the Court deems just and proper under the circumstances.

## SECOND CLAIM FOR RELIEF

### (Violation of the Colorado Organized Crime Control Act, C.R.S. § 18-17-101 et seq.) (Against Defendants LCH and Walt Lee Slagel, Nancy Miller and Drew Miller)

33. All preceding paragraphs are incorporated herein by reference as though fully set forth herein.

34. Defendant Walt Lee Slagel acted in executing the various agreements between himself acting as LCH and Plaintiffs.

35. Upon information and belief, Defendant Walt Lee Slagel converted the funds received from the Plaintiffs to his own personal uses.

36. Upon information and belief, Defendant Walt Lee Slagel committed theft by guile or fraud.

37.    Defendants profited from these acts.

38.    At least two of these transactions involved interstate or foreign commerce, including contracts or notes to residents in Hawaii, California and South Africa.

39.    Upon information and belief, the transactions through interstate or foreign commerce involved amounts worth more than $5,000.00 in value.

40.    Defendants Walt Lee Slagel, Nancy Miller and Drew Miller received portions of the funds knowing them to be stolen, converted, or taken by fraud.

41.    Defendants Walt Lee Slagel, Nancy Miller and Drew Miller participated in these transactions and knew the transactions were conducted with theft, conversion, or fraud.

42.    Defendants Walt Lee Slagel, Nancy Miller and Drew Miller devised this scheme to defraud Plaintiffs or obtain money or property through false or fraudulent pretenses or representations.

43.    Defendants Walt Lee Slagel, Nancy Miller and Drew Miller transported, or caused to be transported, the funds herein involved across state or international borders.

44.    Defendants Walt Lee Slagel, Nancy Miller and Drew Miller's fraudulent acts began to surface in 2006 and continued through 2007, during which time, at least two such transactions occurred.

45.    Defendants Walt Lee Slagel, Nancy Miller and Drew Miller are in a position to continue defrauding victims through repetition of their fraudulent scheme.

WHEREFORE, Plaintiffs pray for Judgment to enter against Defendants Walt Lee Slagel, Nancy Miller and Drew Miller for three times the amount of all economic damages, reasonable costs of litigation and investigation, and for any other and such further relief as the Court deems just and proper under the circumstances.

### THIRD CLAIM FOR RELIEF
(Conversion)

46.    All preceding paragraphs are incorporated herein by reference as though fully set forth herein.

47.    Defendants Walt Lee Slagel, Nancy Miller and Drew Miller asserted dominion and control over the property (cash) of Plaintiffs.

48.    Instead of using the funds for the purposes of conducting a viable construction business Defendants Walt Lee Slagel, Nancy Miller and Drew Miller individually and doing business as LCH, retained the proceeds of such investments and loans inconsistently with all agreements and without Plaintiffs' authorization.

49.     Such actions by Defendants Walt Lee Slagel, Nancy Miller and Drew Miller were attended by circumstances of fraud.

50.     Plaintiffs each demanded return of their money or in the alternative, payment pursuant to the terms of their agreements.

WHEREFORE, Plaintiffs pray for Judgment to enter against Defendants Walt Lee Slagel, Nancy Miller and Drew Miller for economic and consequential damages in an amount to be determined at trial, and for any other and such further relief as the Court deems just and proper under the circumstances.

### FOURTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)
### (Against Defendants LCH and Walt Lee Slagel, Nancy Miller and Drew Miller)

51.     All preceding paragraphs are incorporated herein by reference as though fully set forth herein.

52.     Defendants LCH, Walt Lee Slagel, Nancy Miller and Drew Miller doing business as LCH, were entrusted by Plaintiff Yvonne Duval to act for her benefit in a joint venture to construct a spec home for profitable resale.

53.     Defendants LCH, Walt Lee Slagel, Nancy Miller and Drew Miller had a fiduciary duty to act in the best interest of Plaintiff Yvonne Duval in their use of the funds supplied.

54.     Defendants LCH, Walt Lee Slagel, Nancy Miller and Drew Miller owed Plaintiff Yvonne Duval a duty to use the funds only provided in the prosecution of the construction on Lot 57 and not to usurp those funds or the property purchased with those funds, to their own uses.

55.     Defendants LCH, Walt Lee Slagel, Nancy Miller and Drew Miller and through the principals of agency and/or respondeat superior, breached the fiduciary duty owed to Plaintiff Yvonne Duval through fraudulent use of the invested or lent funds.

56.     Plaintiff Yvonne Duval suffered damages due to Defendant's breach.

WHEREFORE, Plaintiffs pray for Judgment to enter for Plaintiff Yvonne Duval against Defendants LCH, Walt Lee Slagel, Nancy Miller and Drew Miller for all economic and non-economic damages, including but not limited to lost profits, lost property, treble damages pursuant to statute and for any other and such further relief as the Court deems just and proper under the circumstances.

### FIFTH CLAIM FOR RELIEF
### (Claim Against Trust Funds/Breach of Statutory Trust Fund Doctrine)
### (Against Defendants LCH and Walt Lee Slagel, Nancy Miller and Drew Miller)

57.   The general allegations and all claims for relief are incorporated here by reference.

58.   Plaintiff Yvonne Duval disbursed funds to Defendant LCH under a construction contract with for work on the lot 57.

59.   Defendant LCH disbursed funds to Defendants, Walt Lee Slagel, Nancy Miller and Drew Miller rather than to subcontractors such as engineers and surveyors and architects for the soft costs associated with the development of lot 57 who in turn also failed to disbursed funds to subcontractors such as engineers and surveyors and architects for the soft costs associated with the development of lot 57.

60.   Pursuant to C.R.S. 38-22-127(1), the funds disbursed by Plaintiff were to be held in trust by Defendants for payments of subcontractors for work on the lot 57 Project.

61.   Defendants have breached their duties under the Colorado Trust Fund Statute, C.R.S. § 38-22-127, and have therefore committed theft as described in C.R.S. § 18-4-40.

62.   The Defendant's breach of duty was a cause of the Plaintiff Yvonne Duval's damages and losses.

**WHEREFORE** Plaintiff Yvonne Duval requests this Court enter judgment in her favor and against Defendants LCH, Walt Lee Slagel, Nancy Miller and Drew Miller jointly and severally, for actual damages, the fair value of work, lost profit, overhead, and treble those damages, interest at the contractual or statutory rate whichever is higher, attorneys fees, costs and such greater and further relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
(Civil Conspiracy)
**(Against Defendants LCH and Walt Lee Slagel, Nancy Miller and Drew Miller)**

63.   All preceding paragraphs are incorporated herein by reference as though fully set forth herein.

64.   Defendants Walt Lee Slagel, LCH, Nancy Miller and Drew Miller as agreed, evidenced by their actions, to deprive Plaintiffs of their property in order to realize profits unlawfully.

65.   Plaintiffs suffered damages caused by Defendants' unlawful actions.

WHEREFORE, Plaintiffs pray for Judgment to enter against Defendants Walt Lee Slagel, LCH, Nancy Miller and Drew Miller jointly and severally for economic and consequential damages in an amount to be determined at trial, and for any other and such further relief as the Court deems just and proper under the circumstances.

## SEVENTH CLAIM FOR RELIEF
### (Breach of Contract(s))
### (Against Defendants LCH and Walt Lee Slagel, Nancy Miller)

66. The general allegations and all claims for relief are incorporated here by reference.

67. Plaintiffs all had written contracts or notes with LCH wherein it agreed to a joint venture for the construction of a spec home on lot 57 or agreed to pay principal and interest on a set schedule.

68. Plaintiffs substantially performed under the Contracts.

69. Defendant LCH to perform under the Contracts.

70. Plaintiffs have suffered damages as a result of Defendant LCH's breach of the Contracts. WHEREFORE, Plaintiffs requests this Court to enter judgment in its favor Plaintiffs and against Defendants LCH and Walt Lee Slagel, Nancy Miller for actual damages, lost profit, interest at the contractual or statutory rate, costs and attorney's fees, if available, and for such greater and further relief as this Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF
### (Respondeat Superior)
### (Against Defendant LCH)

71. All preceding paragraphs are incorporated herein by reference as though fully set forth herein.

72. Defendants Walt Lee Slagel, Nancy Miller and Drew Miller were employed by Defendant LCH.

73. Defendants were acting within the scope of their employment and authority when they acquired investment or loan proceeds from Plaintiffs.

WHEREFORE, Plaintiffs pray for Judgment to enter against Defendant LCH for economic and consequential damages under any of the claims herein proven against Defendants Walt Lee Slagel, Nancy Miller and Drew Miller in an amount to be determined at trial and for any other and such further relief as the Court deems just and proper under the circumstances.

## NINTH CLAIM FOR RELIEF
### (Alter Ego and Piercing the Veil)
### (Against Defendants Walt Lee Slagel, Nancy Miller and Drew Miller)

74. Plaintiffs incorporate the General Allegations and all Claims for Relief herein by reference.

75.   Defendants Walt Lee Slagel, Nancy Miller and Drew Miller were the exclusive holders of the interests of Defendant LCH., and/or,

76.   Defendant LCH, at the times pertinent hereto, was grossly undercapitalized to meet its business risks or Defendants Walt Lee Slagel, Nancy Miller and Drew Miller have depleted those assets and/or,

77.   Defendants Walt Lee Slagel, Nancy Miller and Drew Miller have commingled their personal funds with that of Defendant LCH.

41.      Under the circumstances presented in this matter to allow Defendants Walt Lee Slagel, Nancy Miller and Drew Miller to avoid liability under the Corporate Veil Doctrine and associated statutory law would defeat the public convenience and justify wrong.

**WHEREFORE,** Plaintiffs request this Court to enter judgment in their favor and against Defendants Walt Lee Slagel, Nancy Miller and Drew Miller jointly and severally for all liability established against Defendant LCH, for actual damages, interest at the statutory legal rate, costs of court, contractual attorney's fees and such greater and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial to a jury of six (6) on all issues.

**Respectfully submitted on May 22, 2008.**

JORGENSEN, MOTYCKA & LEWIS, P.C.

/s/ Gerald L. Jorgensen
Gerald L. Jorgensen, #18855
Attorneys for Plaintiffs

Plaintiffs may be contacted through its attorney at 709 3rd Avenue, Longmont, CO 80501.



| GRANTED | The moving party is hereby ORDERED to provide a copy of this Order to any pro se parties who have entered an appearance in this action within 10 days from the date of this order. | *Nancy A. Hopf* <br> Nancy A. Hopf <br> District Court Judge <br> Date of order indicated on attachment |
|---|---|---|

DOUGLAS COUNTY DISTRICT COURT
STATE OF COLORADO
4000 Justice Way, Suite 2009
Castle Rock, CO 80109

EFILED Document
CO Douglas County District Court 18th JD
Filing Date: May 24 2010 7:45PM MDT
Filing ID: 31284592
Review Clerk: N/A

**Plaintiffs:** YVONNE DUVAL (AKA LISA MARIE); JODI SAILORS;  JOAN WEDBUSH and RAYMOND L. WEDBUSH

v.

**Defendants:** LIGHTHOUSE CUSTOM HOMES, INC. a Colorado Corporation; WALTER LEE SLAGEL; NANCY MILLER and DREW MILLER

▲ COURT USE ONLY ▲

Case No. 08CV1161

Div. 6

### ORDER DETAILING APRIL 7, 2009, COURT RECORDING EQUIPMENT MALFUNCTION AND FINDINGS OF FACT

THE COURT, having reviewed Plaintiffs' motion for an Order detailing the April 7, 2009, Court recording equipment malfunction and findings of fact in this case, the Defendants' response, if any, and being otherwise fully informed hereby makes the following findings:

1.     A motion for clerk's entry of default with regard to Defendant Miller was filed in this case on July 21, 2008, to which Defendant Miller never responded.

2.     A notice to set trial was filed by Plaintiffs on September 2, 2008.

3.     A notice of trial date was served on Defendants on October 3, 3008.

4.     A motion for default judgment with regard to Defendant Miller was filed with accompanying affidavits on November 5, 2008, to which Defendant Miller never responded.

5.     This case was stayed pending the proceedings in United States Bankruptcy Court for the State of Colorado Case No. 08-27683-HRT on December 2, 2008.

6.     After the Bankruptcy Court Ordered the parties to liquidate their claims in this case, it



EXHIBIT
**B**

was revived on February 5, 2009.

7.      A request to set status conference was filed on March 9, 2009, by Plaintiffs.

8.      A notice of pretrial readiness conference was served on Defendants on March 25, 2009.

9.      Defendant Slagel appeared by telephone at the pretrial readiness conference and the Court advised him of the necessity of appearing at the trial scheduled to begin on April 7, 2009, to which Defendant Slagel responded that he did not think that he could "make it".

10.     A proposed trial management order and trial memorandum were filed by Plaintiffs on April 1, 2009, and April 6, 2009, respectively.

11.     Trial was commenced on April 7, 2009.

12.     At that trial, Defendants did not appear.  However, the Court heard the testimony of Yvonne Duval, Jodi Sailors, Joan Wedbush, Raymond Wedbush, Ed Wedbush, Jean B. Starr, and Mike Jacoby and received Plaintiffs' Exhibits 1 through 32 into evidence.

13.     After listening to all such testimony and reviewing all such exhibits, the Court found that Plaintiffs have proved the following facts by a preponderance of the evidence:

   a.      Plaintiffs were investors and lenders who supplied large amounts of cash to Defendants.

   b.      Defendants Walter Lee Slagel, Nancy Miller and Drew Miller were sometimes operating in their own names and sometimes operating jointly with and under the name of Lighthouse Custom Homes, Inc. ("LCH"), which was a Colorado Corporation (registered October 24, 2001).

   c.      Defendant Walter Lee Slagel, represented to Plaintiff Yvonne Duval that he and the other Defendants would take invested cash, purchase lots, take additional invested money, and use it to pay for "soft costs" for the construction of spec homes.

   d.      On or about, September 28, 2006 Defendant presented to Plaintiff Yvonne Duval a contract for the purchase and construction of a spec home on lot 57 Timber Canyon, Castle Rock, Colorado.

   e.      Based upon the representations and failures to disclose of Defendant Walt Lee Slagel, Plaintiff Yvonne Duval advanced a large sum of money to Defendant LCH for the construction upon lot 57.

   f.      The proceeds that were to be used to purchase the lot did so (which was never placed in Plaintiff Yvonne Duval's name) but were immediately subordinated by encumbrance with a first and second mortgage in excess of the

lot's value so that the proceeds were never used in any beneficial manner in furtherance of the contract.

g.    The money advanced under the contract for the "soft costs" was never used in any beneficial manner in furtherance of the contract.

h.    Lot 57 remains empty, unimproved, and is the subject of a bank foreclosure.

i.    Plaintiffs, Yvonne Duval, Jodie Sailors, Joan Wedbush and Raymond L. Wedbush were all approached by Defendants Walter Lee Slagel and Nancy Miller, and convinced to lend funds for the furtherance of the subdivision and construction business.

j.    Plaintiffs, Yvonne Duval, Jodie Sailors, Joan Wedbush and Raymond L. Wedbush were told lavish stories by Defendants Walter Lee Slagel and Nancy Miller about the prosperity of the development business in Castle Rock, the reliability of himself and of LCH to pay interest and principal upon the borrowed and invested funds.

k.    Defendants Walter Lee Slagel and Nancy Miller made representations regarding their business plan, progress, equity and the profitability of their venture that enabled them to pay substantial interest to private lenders.

l.    Defendants Walter Lee Slagel and Nancy Miller failed to disclose that Mr. Slagel's adverse credit history, including many judgments and then outstanding suits were the reasons he needed to borrow money from private parties.

m.    Defendants Walter Lee Slagel and Nancy Miller represented that the funds would be invested in land purchases and soft costs related to new home construction.

n.    Defendants Walter Lee Slagel and Nancy Miller failed to disclose that the funds would be used to pay off previous collections and notes due and would do nothing to promote the business plan of the company.

o.    Defendants Walter Lee Slagel and Nancy Miller failed to disclose that their extravagant life style was not the result of good profits but rather the result of the misappropriation and misuse of funds loaned to the business by unwitting private and institutional lenders.

p.    Defendants Walter Lee Slagel and Nancy Miller failed to disclose that at the time of the loans and investments the market was slowing, that inventory was remaining unsold and accruing interest in excess of equity.

q.   Many of the cash advance transactions were made by wire and received by Defendants Walter Lee Slagel, Nancy Miller and Drew Miller.

r.   The proceeds of the loans were never invested in real property but were diverted to pay pre-existing debts and or were personally used or held by Defendants Walter Lee Slagel, Nancy Miller and Drew Miller for purposes inconsistent with representations made to induce the transfer of funds.

s.   Numerous demands for payment or accounting of the funds were made by Plaintiffs, but none were answered by Defendants.

t.   Defendant Walter Lee Slagel and Nancy Miller made statements that were false because Defendant Walter Lee Slagel did not intend to ever re-pay Plaintiffs.

u.   Defendant Walter Lee Slagel and Nancy Miller failed to make material disclosures that they knew would have been important to Plaintiffs and would have been relied upon by Plaintiffs in their decisions to invest or lend.

v.   Defendant Walter Lee Slagel and Nancy Miller's actions in so doing were intentional.

w.   It was reasonable for Plaintiffs to regard the oral and written statements and omissions of Defendants Walter Lee Slagel and Nancy Miller as important in making their decision to give their money for investment and loan with Defendants.

x.   Plaintiffs believed Defendants Walter Lee Slagel and Nancy Miller's statements to be true.

y.   Multiple Plaintiffs of similar intelligence, education, and experience relied on Defendant Walter Lee Slagel and Nancy Miller's statements.

z.   Plaintiffs' reliance on Defendant Walter Lee Slagel and Nancy Miller's statements caused damages to Plaintiffs.

aa.   Defendant Walter Lee Slagel and Nancy Miller's actions were imputed to Defendants LCH and Drew Miller through agency and joint venture principals.

bb.   Defendant Walter Lee Slagel acted in executing the various agreements between himself acting as LCH and Plaintiffs.

cc.   Defendant Walter Lee Slagel converted the funds received from the Plaintiffs to his own personal uses.

dd.   Defendant Walter Lee Slagel committed theft by guile and fraud.

ee.   Defendants profited from these acts.

ff.     At least two of these transactions involved interstate or foreign commerce, including contracts or notes with residents in Hawaii, California, and South Africa.

gg.     The transactions through interstate and foreign commerce involved amounts worth more than $5,000.00 in value.

hh.     Defendants Walter Lee Slagel, Nancy Miller and Drew Miller received portions of the funds knowing them to be stolen, converted, and taken by fraud.

ii.     Defendants Walter Lee Slagel, Nancy Miller and Drew Miller participated in these transactions and knew the transactions were conducted with theft, conversion, and fraud.

jj.     Defendants Walter Lee Slagel, Nancy Miller and Drew Miller devised this scheme to defraud Plaintiffs and obtain money and property through false and fraudulent pretenses and representations.

kk.     Defendants Walter Lee Slagel, Nancy Miller and Drew Miller transported, and caused to be transported, the funds herein involved across state and international borders.

ll.     Defendants Walter Lee Slagel, Nancy Miller and Drew Miller's fraudulent acts began to surface in 2006 and continued through 2007, during which time, at least two such transactions occurred.

mm.     Defendants Walter Lee Slagel, Nancy Miller and Drew Miller were in a position to continue defrauding victims through repetition of their fraudulent scheme.

nn.     Defendants Walter Lee Slagel, Nancy Miller and Drew Miller asserted dominion and control over the property (cash) of Plaintiffs.

oo.     Instead of using the funds for the purposes of conducting a viable construction business Defendants Walter Lee Slagel, Nancy Miller and Drew Miller individually and doing business as LCH, retained the proceeds of such investments and loans inconsistently with all agreements and without Plaintiffs' authorization.

pp.     Such actions by Defendants Walter Lee Slagel, Nancy Miller and Drew Miller were attended by circumstances of fraud.

qq.     Plaintiffs each demanded return of their money or in the alternative, payment pursuant to the terms of their agreements.

rr.     Defendants LCH, Walter Lee Slagel, Nancy Miller and Drew Miller doing business as LCH, were entrusted by Plaintiff Yvonne Duval to act for her benefit in a joint venture to construct a spec home for profitable resale.

ss.     Defendants LCH, Walter Lee Slagel, Nancy Miller and Drew Miller had a fiduciary duty to act in the best interest of Plaintiff Yvonne Duval in their use of the funds supplied.

tt.     Defendants LCH, Walter Lee Slagel, Nancy Miller and Drew Miller owed Plaintiff Yvonne Duval a duty to use the funds only provided in the prosecution of the construction on Lot 57 and not to usurp those funds or the property purchased with those funds, to their own uses.

uu.     Defendants LCH, Walter Lee Slagel, Nancy Miller and Drew Miller and through the principals of agency and respondeat superior, breached the fiduciary duty owed to Plaintiff Yvonne Duval through fraudulent use of the invested or lent funds.

vv.     Plaintiff Yvonne Duval suffered damages due to Defendant's breach.

ww.     Plaintiff Yvonne Duval disbursed funds to Defendant LCH under a construction contract for work on lot 57.

xx.     Defendant LCH disbursed funds to Defendants, Walter Lee Slagel, Nancy Miller and Drew Miller rather than to subcontractors such as engineers and surveyors and architects for the soft costs associated with the development of lot 57 who in turn also failed to disburse funds to their subcontractors associated with the development of lot 57.

yy.     Pursuant to C.R.S. 38-22-127(1), the funds disbursed by Plaintiff were to be held in trust by Defendants for payments of subcontractors for work on the lot 57 Project.

zz.     Defendants breached their duties under the Colorado Trust Fund Statute, C.R.S. § 38-22-127 and, therefore, committed theft as described in C.R.S. § 18-4-40.

aaa.     The Defendant's breach of duty was a cause of the Plaintiff Yvonne Duval's damages and losses.

bbb.     Defendants Walter Lee Slagel, LCH, Nancy Miller and Drew Miller agreed, as evidenced by their actions, to deprive Plaintiffs of their property in order to realize profits unlawfully.

ccc.     Plaintiffs suffered damages caused by Defendants' unlawful actions.

ddd.     Plaintiffs all had written contracts or notes with LCH wherein it agreed to a joint venture for the construction of a spec home on lot 57 or agreed to pay principal and interest on a set schedule.

eee.     Plaintiffs substantially performed under the Contracts.

fff.     Defendant LCH failed to perform under the Contracts.

ggg.    Plaintiffs have suffered damages as a result of Defendant LCH's breach of the Contracts.

hhh.    Defendants Walter Lee Slagel, Nancy Miller and Drew Miller were the exclusive holders of interests in Defendant LCH.

iii.    Defendant LCH, at the times pertinent hereto, was grossly undercapitalized to meet its business risks and Defendants Walter Lee Slagel, Nancy Miller and Drew Miller have depleted LCH's assets.

jjj.    Defendants Walter Lee Slagel, Nancy Miller and Drew Miller commingled their personal funds with those of Defendant LCH.

kkk.    Under the circumstances presented to the Court, to allow Defendants Walter Lee Slagel, Nancy Miller and Drew Miller to avoid liability under the Corporate Veil Doctrine and associated statutory law would have defeated the public convenience and justified wrong.

14.    As a result of technical difficulties and mechanical failures of the Douglas County District Court's audio recording equipment on April 7, 2009, there is no audio recording or transcript of the trial in Case No. 08 CV 1161.

15.    The only record that exists of that hearing consists of the exhibits received into evidence and the collective memory of the parties present.

DONE this _____ day of _____, 2010.


_____
District Court Judge

This document constitutes a ruling of the court and should be treated as such.

| | |
|---:|:---|
| **Court:** | CO Douglas County District Court 18th JD |
| **Judge:** | Nancy A Hopf |
| **File & Serve Transaction ID:** | 30272414 |
| **Current Date:** | May 24, 2010 |
| **Case Number:** | 2008CV1161 |
| **Case Name:** | DUVAL AKA LISA MARIE, YVONNE et al vs. LIGHTHOUSE CUSTOM HOMES INC et al |
| **Court Authorizer:** | Nancy A Hopf |

**/s/ Judge Nancy A Hopf**

# Jorgensen Motycka & Lewis

| 709 Third Avenue | 916 Tenth Street | |
|---|---|---|
| Longmont, Colorado | Greeley, Colorado | Gerald L. Jorgensen |
| 80501-5926 | 80631-1118 | Jennifer L. Motycka |
| 303-678-0560 | 970-304-0075 | Anne B. Jorgensen |
| 303-678-1164 fax | 970-351-8421 fax | Todd A. Brownell |
| | | Rebecca M. Pepin |
| Attorneys and Counselors at Law | | Matthew A. Crowther |
| www.counselcolorado.com | | Lindsay A. Waskey |
| a professional corporation | | |

June 9, 2010

RECEIVED
BRADFORD L. BOLTON, CLERK

JUN 1 0 2010

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

United States Bankruptcy Court
District of Colorado
721 19th St
Denver, CO 80202-2508

RE:   Walter Lee Slagel and Nancy Suzanne Miller, *Debtors* & Yvonne Duval, et al,
        *Movant*
        08-27683-HRT
        ADV. PROC. NO. 09-01051-HRT

Dear Clerk of Court:

Enclosed please find the following documents for filing:

- **RENEWED MOTION FOR SUMMARY JUDGMENT, with Exhibit A, Exhibit B, and Proposed Order**

Please return a file stamped copy of the Motion in the self addressed and stamped envelope.

Thank you for your assistance with this matter.

Sincerely,
JORGENSEN, MOTYCKA & LEWIS, P.C.

Kelly H. Basinger
Sr. Paralegal

/khb
cc: clients
Enclosures – see above